IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBY MYERS DAVIS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-2145-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ruby Myers Davis, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged with arson in connection with a fire that destroyed a habitation located at 118 McClain Street in Waxahachie, Texas. Although petitioner initially denied setting the fire, she agreed to plead guilty in exchange for a 10-year prison sentence and a $2,000 fine. The trial court accepted petitioner's guilty plea and sentenced her in accordance with the terms of the plea agreement. No appeal was taken. Instead, petitioner challenged her guilty plea and resulting conviction in an application for state post-conviction relief. The application was denied without written order. *Ex parte Davis*, WR-70,930-01 (Tex. Crim. App. Nov. 19, 2008). Petitioner then filed this action in federal district court.

II.

Although her pleadings are difficult to decipher, petitioner appears to challenge her conviction on five broad grounds: (1) her guilty plea was uninformed and involuntary; (2) the prosecutor failed to disclose exculpatory evidence; (3) she received ineffective assistance of counsel; (4) she was denied the right to appeal; and (5) the state parole procedures are unfair.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by

state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

The threshold issue in this case involves the validity of petitioner's guilty plea. It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *citing Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against [her]." *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Montemayor v. Valdez*, No. 3-06-CV-0012-K, 2006 WL 740743 at *2 (N.D. Tex. Mar. 14, 2006), *rec. adopted*, 2006 WL 1348734 (N.D. Tex. May 17, 2006), *citing* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2005).[1]

---

[1] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and Article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art. 26.13. It therefore follows that the same "prophylactic protection" attaches to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002), *COA denied*, 02-11018 (5th Cir. Mar. 12, 2003).

Petitioner was charged with arson, a first-degree felony under Texas law. *Ex parte Davis*, WR-70,930-01, Tr. at 2. After consulting with her attorney, petitioner elected to waive her right to a jury trial and plead guilty to the offense in exchange for a 10-year sentence and a $2,000 fine. *Id.*, Tr. at 23, 107. Before accepting her guilty plea, the trial judge asked petitioner if she understood the charges against her and the contents of the plea documents. *Id.*, Supp. Tr. at 4-5. One of the documents signed by petitioner disclosed that the range of punishment for the offense was not less than five years nor more than 99 years or life imprisonment, and a possible fine not to exceed $10,000. *Id.*, Tr. at 20. Petitioner testified that her attorney explained the plea documents and that she understood the explanations. *Id.*, Supp. Tr. at 5. As part of the plea agreement, petitioner waived the full panoply of her constitutional rights, including her right to a jury trial, her right to confront and cross-examine witnesses, and her right to appeal. *Id.*, Tr. at 21-22. Petitioner also signed a written acknowledgment stating that her guilty plea was not coerced, threatened, or induced in any way. *Id.*, Tr. at 21. At the plea hearing, the judge inquired:

> THE COURT: Ms. Davis, or Ms. Myers, the plea agreement you entered into with the State in this case relates that in return for your plea of guilt in this case, the State's recommending a punishment of ten years imprisonment and a $2,000 fine. You're to be credited with 133 days served. Did you understand that to be the plea agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Understanding what the plea agreement is and what will happen in the case if you plead guilty, do you plead guilty to the offense charged freely and voluntarily?
>
> THE DEFENDANT: Yes, sir.

*Id.*, Supp. Tr. at 5-6. These sworn declarations carry a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

On state collateral review, the state habeas court found that petitioner understood the plea agreement and the charges against her, that she was not coerced by her attorney, and that her guilty plea was freely and voluntarily made. *Ex parte Davis*, WR-70,930-01, Tr. at 113, ¶¶ 11-13. Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut those findings. Instead, petitioner criticizes defense counsel for advising her to plead guilty "based on inconvenience and expense" and for not hiring a "psychological counselor" to explain the terms of the plea agreement. (*See* Hab. Pet. at 7, ¶20(A) & Pet. Mem. Br. at 10). These conclusory assertions, unsupported by any facts or evidence, are insufficient to overcome the presumptive validity of petitioner's guilty plea.[2]

### C.

Because petitioner's guilty plea is valid, any claims based on events that occurred prior to the entry of the plea are not subject to federal habeas review. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). This includes claims alleging the failure to disclose exculpatory evidence, *see Matthew v. Johnson*, 201 F.3d 353, 366-70 (5th Cir.), *cert. denied*, 121 S.Ct. 291 (2000), and instances of ineffective assistance of counsel that do not implicate the validity of the plea itself, *see United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 121 S.Ct. 282 (2000).

The only aspect of petitioner's ineffective assistance of counsel claim that arguably survives her guilty plea is the allegation that counsel failed to present mitigating evidence at sentencing. (*See* Hab. Pet. at 7, ¶ 20(C)). However, there was no sentencing hearing in this case. The trial court

---

[2] To the extent petitioner, who suffers from paranoid schizophrenia, contends that she was legally incompetent to enter a guilty plea, a psychiatric evaluation conducted by Dr. Mitchell H. Dunn reached a different conclusion. In a letter to the court dated June 25, 2007, just six weeks before the plea hearing, Dr. Dunn wrote that petitioner "has sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding, and [ ] has a rational and [sic] as well as factual understanding of the proceedings against her." *Ex parte Davis*, WR-70,930-01, Tr. at 73.

sentenced petitioner to 10 years confinement in accordance with the terms of the plea agreement. An attorney cannot be ineffective for failing to present mitigating evidence at a sentencing hearing that was never held.

### D.

Petitioner further contends that she was denied the right to appeal her conviction and that the Texas parole procedures are unfair. Respondent counters that these claims are unexhausted and procedurally barred from federal habeas review.

A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present her claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

>   (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
>   (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

In her federal writ, petitioner argues that the waiver of her right to appeal violated some "balancing test" that should be required "to eliminate the inherent unfairness of forcing a probably innocent defendant to prove bad faith as to evidence controlled by the state without benefit of effective assistance." (*See* Hab. Pet. at 8, ¶ 20(D)). No such argument was made by petitioner in her state writ. Nor did petitioner challenge the Texas parole procedures on state collateral review. *See Ex parte Davis*, WR-70,930-01, Tr. at 36-40. The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07, § 4. Consequently, federal habeas relief is not proper. *See Coleman*, 111 S.Ct. at 2557 n.1; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 24, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE